HOWARD & HOWARD ATTORNEYS PLLC
Kimberly P. Stein, Esq.
(Nevada Bar No. 8675)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email  KStein@HowardandHoward.com

HOWARD & HOWARD ATTORNEYS PLLC
Patrick M. McCarthy (Michigan Bar No. P49100) (*pro hac vice to be filed*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone: (734) 222-1483 | Fax: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com

*Attorneys for Plaintiff Konami Gaming, Inc.*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KONAMI GAMING, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Marks Studios, LLC d/b/a Gimmie Games, a Georgia limited liability company,<br><br>Defendant. | Case No.:<br>Dept. No.:<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY DEMAND** |

Plaintiff, KONAMI GAMING, INC. ("Konami"), for its Complaint against Marks Studios, LLC d/b/a Gimmie Games (hereinafter "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under 35 U.S.C. §§ 271, 283, 284 and 285.

## THE PARTIES

2. Plaintiff Konami is a Nevada corporation having a principal place of business at 585 Konami Circle, Las Vegas, Nevada 89119.

3. On information and belief, Defendant Marks Studios, LLC d/b/a Gimmie Games is a Georgia limited liability company having a principal place of business at 160 Clairemont Avenue, Suite 340, Decatur, GA 30030.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant is subject to personal jurisdiction in the District of Nevada (the "District"), consistent with the principles of due process and the Nevada Long Arm Statute, because Defendant operates and offers their products for sale in this District including at the G2E Gaming Conference in Las Vegas where Defendant displayed, used and offered for sale to potential customers, manufacturers, and distributors, have transacted business in this District with local distributors and manufacturers, have committed and/or induced acts of patent infringement in this District, and/or have placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6. Venue over Defendant is proper in this judicial district under 28 U.S.C. §§ 1391(d) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 8,096,869

7. Konami restates the allegations contained in paragraphs 1-6.

8. Konami is the owner of all right, title, and interest in U.S. Patent No. 8,096,869 (the '869 patent), entitled "Gaming Machines with Runs of Consecutive Identical Symbols," duly and properly issued by the U.S. Patent and Trademark Office on January 17, 2012. A copy of the '869 patent is attached as **Exhibit A**.

9. Defendant has in the past, or is currently, directly infringing the claims of the '869 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling without Konami's authority, games that embody one or more of the claims of the '869 patent.

10. At least upon the filing of this Complaint, Defendant is inducing and contributing to the direct infringement of the '869 patent claims in violation of 35 U.S.C. §§ 271(b) and (c), by making, using, offering for sale, or selling without Konami's authority, games with knowledge of the '869 patent and its claims; knowing that others will use their games in their own games and as such will use the games in an infringing manner; knowing that their games are a material part of the invention claimed in the '869 patent; knowing that their games are especially made or especially adapted for use in an infringement of the '869 patent; and knowing that their games are not staple articles or commodities of commerce that are suitable for substantial non-infringing use.

11. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1 and 19 of the '869 patent.

12. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include the "Max Stacks/Max

Stacks Plus" feature that their customers use to directly infringe at least claims 1 and 19 of the '869 patent.

13. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling at least the following games that include the "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1 and 19 of the '869 patent: Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, Storm Queens: Sand Queen, Moon Maidens: Selene, Moon Maidens: Mona, Pearl Warriors: Golden South Sea, and Pearl Warriors: Ayoka's Treasure.

14. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that directly infringe at least claims 1 and 19 of the '869 patent.

15. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that their customers use to directly infringe at

least claims 1 and 19 of the '869 patent and operate at such properties in Clark County, Nevada as the Sunset Station Hotel & Casino and Aria Resort and Casino.

16. Defendant's infringing activities are directly and proximately causing immediate and irreparable injury to Konami for which Konami has no adequate remedy at law.

17. Defendant will continue their infringing activities unless enjoined from doing so by the Court.

18. Defendant's infringing activities have and continue to directly and proximately cause damages to Konami.

**COUNT II – INFRINGEMENT OF U.S. PATENT NO. 8,366,540**

19. Konami restates the allegations contained in paragraphs 1-6.

20. Konami is the owner of all right, title, and interest in U.S. Patent No. 8,366,540 (the '540 patent), entitled "Gaming Machines with Runs of Consecutive Identical Symbols," duly and properly issued by the U.S. Patent and Trademark Office on February 5, 2013. A copy of the '540 patent is attached as **Exhibit B**.

21. Defendant has in the past, or is currently, directly infringing the claims of the '540 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling without Konami's authority, games that embody one or more of the claims of the '540 patent.

22. At least upon the filing of this Complaint, Defendant is inducing and contributing to the direct infringement of the '540 patent claims in violation of 35 U.S.C. §§ 271(b) and (c), by making, using, offering for sale, or selling without Konami's authority, games with knowledge of the '540 patent and its claims; knowing that others will use their games in their own games and as such will use the games in an infringing manner; knowing that their games are a material part of the invention claimed in the '540 patent; knowing that

their games are especially made or especially adapted for use in an infringement of the '540 patent; and knowing that their games are not staple articles or commodities of commerce that are suitable for substantial non-infringing use.

23. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1 and 21 of the '540 patent.

24. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that their customers use to directly infringe at least claims 1 and 21 of the '540 patent.

25. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling at least the following games that include the "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1 and 21 of the '540 patent: Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, Storm Queens: Sand Queen, Moon Maidens: Selene, Moon Maidens: Mona, Pearl Warriors: Golden South Sea, and Pearl Warriors: Ayoka's Treasure.

26. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and

Storm Queens: Sand Queen games that directly infringe at least claims 1 and 21 of the '540 patent.

27. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that their customers use to directly infringe at least claims 1 and 21 of the '540 patent and operate at such properties in Clark County, Nevada as the Sunset Station Hotel & Casino and Aria Resort and Casino.

28. Defendant's infringing activities are directly and proximately causing immediate and irreparable injury to Konami for which Konami has no adequate remedy at law.

29. Defendant will continue their infringing activities unless enjoined from doing so by the Court.

30. Defendant's infringing activities have and continue to directly and proximately cause damages to Konami.

**COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,622,810**

31. Konami restates the allegations contained in paragraphs 1-6.

32. Konami is the owner of all right, title, and interest in U.S. Patent No. 8,622,810 (the '810 patent), entitled "Gaming Machines with Replacement of Runs of Symbols Containing Identical Symbols with New Identical Symbols," duly and properly issued by the U.S. Patent and Trademark Office on January 7, 2014. A copy of the '810 patent is attached as **Exhibit C**.

33. Defendant has in the past, or is currently, directly infringing the claims of the '810 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling without Konami's authority, games that embody one or more of the claims of the '810 patent.

34. At least upon the filing of this Complaint, Defendant is inducing and contributing to the direct infringement of the '810 patent claims in violation of 35 U.S.C. §§ 271(b) and (c), by making, using, offering for sale, or selling without Konami's authority, games with knowledge of the '810 patent and its claims; knowing that others will use their games in their own games and as such will use the games in an infringing manner; knowing that their games are a material part of the invention claimed in the '810 patent; knowing that their games are especially made or especially adapted for use in an infringement of the '810 patent; and knowing that their games are not staple articles or commodities of commerce that are suitable for substantial non-infringing use.

35. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1, 8, and 15 of the '810 patent.

36. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that their customers use to directly infringe at least claims 1, 8, and 15 of the '810 patent.

37. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling at least the following games that include the "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1, 8, and 15 of the '810 patent: Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple

of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, Storm Queens: Sand Queen, Moon Maidens: Selene, Moon Maidens: Mona, Pearl Warriors: Golden South Sea, and Pearl Warriors: Ayoka's Treasure.

38. Upon information and belief, and by way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that directly infringe at least claims 1, 8, and 15 of the '810 patent.

39. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that their customers use to directly infringe at least claims 1, 8, and 15 of the '810 patent and operate at such properties in Clark County, Nevada as the Sunset Station Hotel & Casino and Aria Resort and Casino.

40. Defendant's infringing activities are directly and proximately causing immediate and irreparable injury to Konami for which Konami has no adequate remedy at law.

41. Defendant will continue their infringing activities unless enjoined from doing so by the Court.

42. Defendant's infringing activities have and continue to directly and proximately cause damages to Konami.

### COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 8,616,955

43. Konami restates the allegations contained in paragraphs 1-6.

44. Konami is the owner of all right, title, and interest in U.S. Patent No. 8,616,955 (the '955 patent), entitled "Gaming machine with runs of symbols populated with identical symbols during spinning of reels," duly and properly issued by the U.S. Patent and Trademark Office on December 31, 2013. A copy of the '955 patent is attached as **Exhibit D**.

45. Defendant has in the past, or is currently, directly infringing the claims of the '955 patent under 35 U.S.C. § 271(a) by making, using, offering for sale, or selling without Konami's authority, games that embody one or more of the claims of the '955 patent.

46. At least upon the filing of this Complaint, Defendant is inducing and contributing to the direct infringement of the '955 patent claims in violation of 35 U.S.C. §§ 271(b) and (c), by making, using, offering for sale, or selling without Konami's authority, games with knowledge of the '955 patent and its claims; knowing that others will use their games in their own games and as such will use the games in an infringing manner; knowing that their games are a material part of the invention claimed in the '955 patent; knowing that their games are especially made or especially adapted for use in an infringement of the '955 patent; and knowing that their games are not staple articles or commodities of commerce that are suitable for substantial non-infringing use.

47. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1, 10, and 19 of the '955 patent.

48. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling games that include a "Max Stacks/Max Stacks Plus" feature that their customers use to directly infringe at least claims 1, 10, and 19 of the '955 patent.

49. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling at least the following games that include the "Max Stacks/Max Stacks Plus" feature that directly infringe at least claims 1, 10, and 19 of the '955 patent: Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, Storm Queens: Sand Queen, Moon Maidens: Selene, Moon Maidens: Mona, Pearl Warriors: Golden South Sea, and Pearl Warriors: Ayoka's Treasure.

50. Upon information and belief, and by way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame Queen, and Storm Queens: Sand Queen games that directly infringe at least claims 1, 10, and 19 of the '955 patent.

51. By way of example and not limitation, Defendant has in the past, or is currently, making, using, offering for sale, or selling or providing games to manufacturers or distributors who are making, using, offering for sale, or selling Sky Rider: Golden Amulet, Sky Rider: Silver Treasure, Temple of the Tiger: Tiger King, Temple of the Tiger: Tiger Queen, Storm Queens: Thunder Queen, Storm Queens: Frost Queen, Storm Queens: Flame

Queen, and Storm Queens: Sand Queen games that their customers use to directly infringe at least claims 1, 10, and 19 of the '955 patent and operate at such properties in Clark County, Nevada as the Sunset Station Hotel & Casino and Aria Resort and Casino.

52. Defendant's infringing activities are directly and proximately causing immediate and irreparable injury to Konami for which Konami has no adequate remedy at law.

53. Defendant will continue their infringing activities unless enjoined from doing so by the Court.

54. Defendant's infringing activities have and continue to directly and proximately cause damages to Konami.

## PRAYER FOR RELIEF

**WHEREFORE**, Konami Gaming, Inc. prays that this Court:

A. Enter judgment for Konami against Defendant declaring that they have infringed U.S. Patent Nos. 8,096,869, 8,366,540, 8,622,810, and 8,616,955;

B. Permanently enjoin and restrain Defendant, their agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them from infringing, either directly, by inducement or contributorily, U.S. Patent Nos. 8,096,869, 8,366,540, 8,622,810, and 8,616,955;

C. Enter an Order requiring Defendant to file with this Court and to serve upon Konami or Konami's counsel, within thirty (30) days after the entry and service of any injunction issued, a report in writing and under oath setting forth in detail the manner and form in which they have complied with the injunction;

D. Require Defendant post an appropriate bond and Order any other appropriate relief to assure compliance with any injunctive provision or other provision Ordered by the Court;

E. Enter an Order directing Defendant and their agents, servants, employees, partners, attorneys, successors and assigns, and all those acting in concert with them, to deliver to this Court or to Konami for destruction, or show proof of said destruction, of all infringing products;

F. Order an equitable accounting to determine the profits of and other sums Defendant derived from the complained of patent infringement and other wrongful acts, and that such amount be paid over to Konami as an equitable remedy;

G. Award to Konami all damages they have sustained as a result of Defendant's patent infringement in accordance with 35 U.S.C. § 284; and

H. Enter judgment granting such other and further relief and damages to Konami as justice and equity may require.

### JURY DEMAND

Konami Gaming, Inc. hereby requests a trial by jury of all issues so triable.

Respectfully submitted,

Dated: September 12, 2014.          **HOWARD & HOWARD ATTORNEYS PLLC**

*/s/ Kimberly P. Stein*
Kimberly P. Stein (Nevada Bar No. 8675)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483 | Fax: (702) 567-1568
Email: KStein@HowardandHoward.com

**HOWARD & HOWARD ATTORNEYS PLLC**
Patrick M. McCarthy (Michigan Bar No. P49100)
(*pro hac vice to be filed*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone: (734) 222-1483 | Fax: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com

*Attorneys for Plaintiff Konami Gaming, Inc.*