**HOWARD & HOWARD ATTORNEYS PLLC**
Kimberly P. Stein, Esq.
(Nevada Bar No. 8675)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483
Facsimile: (702) 567-1568
Email KStein@HowardandHoward.com

**HOWARD & HOWARD ATTORNEYS PLLC**
Patrick M. McCarthy (Michigan Bar No. P49100) (*pro hac vice to be filed*)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone: (734) 222-1483 | Fax: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com

*Attorneys for Plaintiff Konami Gaming, Inc*

**HOWARD & HOWARD ATTORNEYS PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KONAMI GAMING, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Marks Studios, LLC d/b/a Gimmie Games, a Georgia limited liability company,<br><br>Defendant. | Case No.: 2:14-CV-01485-JAD-CWH<br><br>**[STIPULATED] PROTECTIVE ORDER** |
| Marks Studios, LLC d/b/a Gimmie Games, a Georgia limited liability company,<br><br>Counterclaim-Plaintiff,<br><br>v.<br><br>KONAMI GAMING, INC., a Nevada corporation,<br><br>Counterclaim-Defendant. | |

# [STIPULATED] PROTECTIVE ORDER

Pursuant to Local Rule 16.1-4, the Parties stipulate that the following Protective Order should be entered in this case.

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section XIII.C below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 10-5 sets forth the procedures that must be followed and the standard that will be applied when a Party seeks permission from the court to file material under seal.

## II. DEFINITIONS

A. **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

B. **"CONFIDENTIAL" Information or Items:** information (regardless of how it is generated, stored or maintained) that contains or reflects confidential, proprietary, or commercially sensitive information including information not readily available to the general public.

C. **Counsel (without qualifier):** Outside Counsel of Record and in-house Counsel (as well as their support staff).

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

D. **Designating Party:** a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE".

E. **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, documents, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

F. **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who have been cleared under the terms of Section VII (F) of this order.

G. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** shall be limited to information or tangible things that are extremely confidential and/or sensitive in nature and the Producing Party reasonably believes that disclosure of such information to another party in this case is likely to cause substantial adverse impact on the Producing Party's business, financial condition, ability to compete, standing in the industry or any other risk of injury that could not be avoided by less restrictive means. Such material shall be limited to non-public technical, financial, and/or other commercially-sensitive information (e.g. pricing, customer lists, business and/or marketing plans or analysis, license agreements and the like) and/or trade secrets; information that is subject to an express obligation of confidentiality owed by the Producing Party to a third-party; information that is subject to the privacy interest of any individual; patent applications and non-public correspondence and documents relating to the prosecution of any patent applications or any other proceedings for patents that have not yet issued. Absent specific order by this Court, once

designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designated material shall be used by the Parties only in connection with this litigation, and not in for any other purpose, including business, competitive, or governmental purposes or functions, and such material shall not be disclosed to anyone except as provided herein.

**H.** "HIGHLY CONFIDENTIAL – SOURCE CODE" if it comprises or describes computer Source Code.

**I.** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**J.** **Outside Counsel of Record:** attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

**K.** **Party:** any Party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**L.** **Producing Party:** a Party or Non-Party that produces Disclosure or Discovery Material in this action.

**M.** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**N.** **Protected Material:** any Disclosure or Discovery Material that is designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or as HIGHLY CONFIDENTIAL – SOURCE CODE.

**O.** **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

## III. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## IV. DURATION & FINAL DISPOSITION

Unless otherwise ordered or agreed, within ninety (90) days after the settlement or final termination of this action, each Receiving Party shall, at the option of the Producing Party, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Outside counsel for each party shall confirm with any experts, consultants and others as appropriate to certify their compliance with their obligation to destroy or return Protected Materials. The Receiving Party shall submit a written certification by the ninety (90) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**V. DESIGNATING PROTECTED MATERIAL**

**A. Exercise of Restraint and Care in Designating Material for Protection.** Designating Party under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Mass, indiscriminate or routinized designations are prohibited.

**(1) Duty to Withdraw Inadvertent Designations.** If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

**B. Manner and Timing of Designations.** Except as otherwise provided in this Order (*see*, *e.g.*, Section V.B(1)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

**(1) Manner of Designation.** Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend CONFIDENTIAL, HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY , or HIGHLY CONFIDENTIAL – SOURCE CODE to each page that contains Protected Material..

(b)   for information made available for inspection, the Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate confidentiality legend to each page that contains Protected Material.

(c)   for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL"or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(e) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate confidentiality legend.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

C. **Inadvertent Failure to Designate.** An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing of the correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  The Producing Party shall provide substitute copies of documents bearing the confidentiality designation. Any Receiving Party will also make all reasonable efforts to retrieve any documents from anyone who had received the documents prior to the notification to the Receiving Party of the inadvertent failure to designate and who is no longer permitted to access the documents under the new designation.

## VI.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A. **Timing of Challenges.**   Any Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive the right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

B. **Meet and Confer.** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by

telephone; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

C. **Judicial Intervention.** If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove the confidentiality designation. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

(1) **Burden of Persuasion.** The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

A. **Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section II above.

(1) **Receiving Party's Duty to Securely Maintain Protected Material.** Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B. **Disclosure of CONFIDENTIAL Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(1) the Receiving Party's Outside Counsel of Record in this action, as well as employees or attorneys with of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(2) the officers, directors, direct employees, and contract employees (including in-house Counsel) of the Receiving Party or its affiliates to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and such signed documents were provided to the Designating Party;

(3) Experts (as defined in this Order) of the Receiving Party;

(4) the court and its personnel;

(5) court reporters and their staff,;

(6) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

**(7)** the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or lawfully knew the information;

**(8)** Mock Jurors; and

**(9)** professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**C. Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

**(1)** the Receiving Party's Outside Counsel of Record in this action, as well as employees or attorneys with or attorneys with of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

**(2)** Experts (as defined by this Order) of the Receiving Party;

**(3)** the court and its personnel;

**(4)** court reporters and their staff;

**(5)** the author or recipient of a document containing the information or a custodian or other person who otherwise lawfully possessed or lawfully knew the information;

**(6)** Mock Jurors; and

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

(7)     professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**D.     Disclosure of HIGHLY CONFIDENTIAL – SOURCE CODE Information or Items:** To the extent production of Source Code becomes necessary to the prosecution or defense of this case, a Designating Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(a)     Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this action, or to obligate any Party to produce any Source Code.

(b)     Material designated as "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be subject to the following additional restrictions and protections:

(i)     A single electronic copy of source code or executable code shall be made available for inspection on a stand-alone computer during the hours of 9am-7pm on business days, subject to thirty days advance notice prior to the first inspection of the source code and at least forty-eight hours advance notice for subsequent inspections, which 48-hour period shall include one cumulative business day.  For example, notice for a Monday 2:00 P.M. inspection shall be given no later than the preceding Friday at 2:00 P.M.  In the event the Designating Party acting in good faith needs longer than thirty days to make any portion of the Source Code available for the first inspection, the Receiving Party shall not unreasonably withhold consent to extend the advance notice period for that portion of Source Code by up to fifteen days.

(ii)     The Designating Party shall not unreasonably withhold consent to reasonable requests for access to the stand-alone computer beyond the hours listed in paragraph 9(b)(i).

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

(iii)    The stand-alone computer shall be password protected and supplied by the Designating Party.

(iv)    The stand-alone computer shall be located at an office of Designating Party's counsel selected by the Receiving Party.

(v)    Access to the stand-alone computer shall be permitted, after notice to the Designating Party and an opportunity to object, to two (2) outside counsel representing the Receiving Party and two (2) experts retained by the Receiving Party, all of whom are subject to this Protective Order.  The Designating Party shall not learn the specifics of the Receiving Party's review, including without limitation which files were reviewed, unless and to the extent that the Receiving Party and/or its expert(s) elect to rely on information learned in such review in prosecution or defense of the Receiving Party's case.  The Designating Party shall not change the source code on the stand-alone computer absent written request or permission by the Receiving Party.

(vi)    Source code may not be disclosed, printed, photographed, copied, electronically transmitted or otherwise reproduced without the agreement of the Designating Party or further order of the court.  The details of the source code and how it is implemented cannot be shared with any person other than the two experts designated in paragraph (v) above and outside counsel representing the Receiving Party and Outside Experts and Consultants as defined in Section _ for the Receiving Party who are subject to this Protective Order.  Receiving Party shall not tamper with any safeguards designed to prevent these activities or otherwise attempt to circumvent any provision of this Section.

(vii)    The Designating Party shall provide a manifest of the contents of the stand-alone computer.  This manifest, which will be supplied in both printed and electronic form, will list the name and location of every source and executable file escrowed on the computer.

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

(viii)   The stand-alone computer shall include software utilities which will allow counsel and experts to view, search, and analyze the source code. At a minimum, these utilities must provide the ability to (a) view, search, and line-number any source file, (b) search for a given pattern of text through a number of files, (c) compare two files and display their differences, and (d) compute the MD5 checksum of a file.

(ix)   If the Court finds that the Designating Party has refused to make available for inspection any files necessary to the prosecution or defense of this case, then the Court may fashion appropriate relief regarding such files to the extent necessary to the prosecution or defense of this case.

E.   **Restriction on Patent Prosecution:** Outside Counsel (including without limitation patent agents) who access "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or HIGHLY CONFIDENTIAL – SOURCE CODE materials of any Producing Party shall not, for a period of one year following final resolution of this action, or the date of last access to such materials, if prior to the final resolution, draft, amend, or assist in drafting or amending patent claims or patent specifications related to the areas of technology of the patents-in-suit; provided that nothing in this paragraph shall operate to preclude any such person from fulfilling and/or assisting in the fulfillment of any prior art disclosure obligations to the United States Patent and Trademark Office (PTO) that may arise as a consequence of knowledge obtained during the course of this litigation, or assisting in the presentation of arguments in support of patentability of patent claims in view of any references cited by the PTO or a third-party reexamination requestor, subject to the terms of this Protective Order.

F.   **Outside Experts or Consultants:** (a)   Prior to disclosing Protected Material to any outside experts or consultants including jury or trial consultants,

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

the party seeking to disclose such information shall provide written notice to any party to this action that produced Protected Material that includes: (i) the name of the person; (ii) the present employer and title of the person; (iii) an up-to-date *curriculum vitae*; (iv) a list of current and past consulting relationships undertaken within the last four (4) years; (v) a list of all pending foreign or domestic patent applications, whether published or unpublished, with which the person has any substantive involvement, to be protected on an ATTORNEYS' EYES ONLY basis; and (vii) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached as Exhibit A to this Protective Order.

(b)      Within five (5) business days of receiving this information, the party who produced Protected Material may object in writing to its disclosure to the proposed expert or consultant for good cause.   The objection cannot be unreasonable.  In the absence of any objection at the end of the five (5) day period, the expert or consultant shall be deemed approved under this Protective Order.  If an objection is made, the parties shall meet and confer within (5) business days after the objection and attempt in good faith to resolve the dispute informally.  If the dispute is not resolved, the party objecting to the disclosure will have five (5) business days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Materials shall not be disclosed to the expert or consultant until the objection is resolved by the Court.

G.      **Mock Jurors:**  Mock jurors hired by trial consultants in connection with this litigation may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials provided: (1) they are not affiliated with any party to this case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they are not themselves

given custody of any Protected Materials, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

## VIII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A. **No Effect on Duty to Obey Lawful Subpoena**. Nothing in this Order shall be construed as authorizing any Party or Non-Party to disobey a lawful subpoena issued in another action.

B. **Duties on Receipt of Subpoena or Order Compelling Production.** If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, that Party must:

**(1)** promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

**(2)** promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

**(3)** cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

C. **Duty to Cooperate with Designating Party.** If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

A. **Non-Parties Are Entitled to the Protections of this Order.** The terms of this Order are applicable to information produced by a Non-Party in this action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

## X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XI. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

The making of documents or items available for inspection or the production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity from discovery if after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such documents as within the attorney-client privilege, work

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

product immunity, and/or any other applicable privilege or immunity and requests in writing return of such documents to the Producing Party. Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return any and all copies of such inadvertently produced document(s), including retrieving and returning any and all copies distributed to others (e.g., experts, consultants, vendors). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other applicable privilege or immunity designation by submitting a written challenge to the Court; however, the fact of the inadvertent production of the document(s) may not be used as a basis for such challenge. A Receiving Party may not retain any copies of any inadvertently produced document(s) for any purpose, including the purpose of challenging the propriety of the attorney-client privilege, work product immunity, and/or other applicable privilege or immunity designation; however, the Producing Party must add the document(s) to a privilege log.

## XII. MISCELLANEOUS

A. **Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

B. **Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party or Non Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

C. **Filing Protected Material before Trial.** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. In accordance with Local Rule 10-5, if any papers to be filed with the Court contain Protected Material, the proposed filing must be accompanied by an application to file the papers or the portion thereof

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

containing the Protected Material (if such portion is segregable) under seal. That application shall be directed to the judge to whom the papers are directed. For motions, the parties should also file a redacted version of the motion and supporting papers.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

**HOWARD & HOWARD ATTORNEYS PLLC**

Dated: January 14, 2015

By: /s/ Kimberly P. Stein

Kimberly P. Stein (Nevada Bar No. 8675)
Wells Fargo Tower, Suite 1000
3800 Howard Hughes Parkway
Las Vegas, Nevada 89169-5980
Telephone: (702) 257-1483 | Fax: (702) 567-1568
Email: KStein@HowardandHoward.com

**HOWARD & HOWARD ATTORNEYS PLLC**
Patrick M. McCarthy (Michigan Bar No. P49100)
One North Main Building, Suite 410
101 North Main Street
Ann Arbor, Michigan 48104-1475
Telephone: (734) 222-1483 | Fax: (734) 761-5957
Email: PMcCarthy@HowardandHoward.com
***Attorneys for Plaintiff Konami Gaming, Inc.***

/ / /

/ / /

/ / /

**HOWARD & HOWARD ATTORNEYS PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

Dated: January 14, 2015

By: /s/ Ramy Hanna
NICHOLAS J. SANTORO
Nevada Bar # 532
**SANTORO WHITMIRE**
10100 West Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone: (702) 948-8771
Facsimile: (702) 948-8773
Email: nsantoro@santoronevada.com

Jonathan Moskin (pro hac vice admitted)
Akiva Cohen (pro hac vice admitted)
Ramy Hanna (pro hac vice admitted)
Adam Pence (pro hac vice admitted)
**FOLEY & LARDNER LLP**
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474

***Attorneys for Defendant/Counterclaimant***

**ORDER**

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

Dated: January 15, 2015

Carl W. Hoffman
United States Magistrate Judge

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _______________________ [print or type full name], of ____________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the District of Nevada in the case of *Konami Gaming, Inc. v. Marks Studios, LLC d/b/a Gimmie Games.*, Case No. 2:14-CV-01485-JAD-CWH . I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further irrevocably submit to the jurisdiction of the United State District Court for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ________________________ [print or type full name] of _________________________ [print or type full address and telephone number] as my Nevada agent for service of process in connection with this action or any proceedings related to enforcement of this Protective Order.

Date: ______________________________

City and State where sworn and signed:

______________________________

Printed Name: ______________________________

[printed name]

Signature: ______________________________

[signature]

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

**CERTIFICATE OF ELECTRONIC FILING AND CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on January 14, 2015, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to the following:

Nicholas J. Santoro
SANTORO WHITMIRE
10100 West Charleston Blvd., Suite 250
Las Vegas, Nevada 89135

Jonathan Moskin
Akiva Cohen
Ramy Hanna
Adam Pence
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314

Executed on January 14, 2015, at Las Vegas, Nevada.

Stephanie T. George