Nicholas J. Santoro, Esq.
(Nevada Bar No. 532)
Jason D. Smith, Esq.
(Nevada Bar No. 9691)
SANTORO WHITMIRE
10100 West Charleston Blvd., Suite 250
Las Vegas, Nevada 89135
Telephone: (702) 948-8771
Facsimile: (702) 948-8773

Jonathan E. Moskin, Esq.
Akiva Cohen, Esq.
Ramy Hanna, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016-1314
Telephone: (212) 682-7474
Facsimile: (212) 687-2329

*Attorneys for Defendant/Counterclaim-Plaintiff, Marks Studios, LLC*

*E-FILED ON 3/17/2015*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KONAMI GAMING, Inc., a Nevada corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>MARKS STUDIOS, LLC d/b/a Gimmie Games, a Georgia limited liability company,<br><br>  Defendant.<br><hr>MARKS STUDIOS, LLC d/b/a Gimmie Games, a Georgia limited liability company,<br><br>  Counterclaim-Plaintiff,<br><br>  v.<br><br>KONAMI GAMING, Inc., a Nevada corporation,<br><br>  Counterclaim-Defendant. | CASE NO.: 2:14-cv-01485-JAD-CWH<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")** |

WHEREAS, the parties have discussed and agreed on the following procedures to govern Discovery;

NOW, THEREFORE, SUBJECT TO THE COURT'S APPROVAL, IT IS HEREBY STIPULATED AND AGREED, by and among the parties, through their undersigned counsel, that:

**I.   General Provisions**

    **A.   Cooperation.**

Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26–36.  In the event that the parties are unable to agree on the parameters and/or timing of discovery, the following default standards shall apply until further order of the Court or the parties reach agreement.

    **B.   Proportionality.**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information.[1]   This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

    **C.   Preservation of Discoverable Information.**

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control.

Absent a showing of good cause by the requesting party, the parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

    **D.   Privilege.**

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

4840-2311-0689.1

(i) The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information can be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii) With respect to information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

(iii) Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

(iv) In accordance Fed. R. Evid. 502, the parties agree that information that contains privileged matter or attorney work-product shall be immediately returned if such information appears on its face to have been inadvertently produced or if notice is provided within a reasonable time after inadvertent production. To the extent that the receiving party does not believe the production was inadvertent, it may keep a single copy of the allegedly inadvertently produced material for use solely in connection with a motion challenging the claim of inadvertence, which must be filed within one week of receiving a request for the return of the challenged material. In determining such motion, any delay from the time of production to the producing party's identification of the challenged material as privileged shall not be considered, but the Court may consider as relevant any delay from the time that the document was identified as specifically relevant or potentially privileged by the receiving party, whether by use in an interrogatory response, deposition, or otherwise, to the time that the producing party identifying the document as privileged and inadvertently produced. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the Court orders that no waiver of privilege shall be found in this or any other action or proceeding on the basis of any such production in this action found by the Court or acknowledged by the parties to be inadvertent.

**II.    Initial Disclosures.**

3

4840-2311-0689.1

Within seven days of the lifting of the stay on general discovery provided in the Initial Scheduling Order, each party shall disclose:

**A.    Custodians.**

The 5 custodians most likely to have discoverable information in their possession, custody or control, from the most likely to the least likely shall be identified by name, title, role in the instant dispute, and the subject matter of the information, to the extent that the party has 5 such custodians. In the event that a party has fewer than 5 custodians, the party will identify those custodians.

**B.    Non-custodial data sources.**[2]

A list of the non-custodial data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely.

**C.    Notice.**

The parties shall identify any issues relating to:

(i)    Any ESI (by type, date, custodian, electronic system or other criteria) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i).

(ii)    Third-party discovery under Fed. R. Civ. P. 45 and otherwise, including the timing and sequencing of such discovery.

(iii)    Production of information subject to privacy protections, including information that may need to be produced from outside of the United States and subject to foreign laws.

Lack of proper notice of such issues may result in a party losing the ability to pursue or to protect such information.

---

[2] That is, a system, repository or container that stores ESI, but over which an individual custodian does not organize, manage or maintain the ESI in the system, repository or container (e.g., enterprise system or database).

4

**III.     Specific E-Discovery Issues.**

    a.     <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause. The parties agree inspections, either on-site or off-site, will be reasonably provided for the relevant games or copies of the relevant games will be provided in lieu of any inspection.

    b.     <u>Search methodology</u>.  If the producing party elects to use search terms to locate potentially responsive ESI, then in advance of its search, it shall disclose the search terms to the requesting party.  Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search.  Appropriately focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The producing party shall search (i) the non-custodial data sources identified in accordance with paragraph III(b); and (ii) emails and other ESI maintained by the custodians identified in accordance with paragraph III(a). The parties agree that archives and back-up media do not have to be searched unless the requesting party demonstrates good cause for such a request.

    c.     <u>Format</u>.  Except as otherwise provided for in this Stipulation ESI and non- ESI shall be produced to the requesting party as text searchable image files (e.g., PDF or TIFF) at a resolution of at least 300 dpi.  When a text-searchable image file is produced, the producing party must preserve the integrity of the underlying ESI – i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The parties shall produce their information in the following format:  full text searchable PDF or single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance (dat) and Opticon (opt) load files containing all requisite information including relevant metadata. The parties shall produce email attachments sequentially after the parent email.  For documents

5

which already exist in PDF format prior to production (i.e., which the producing party receives from a client or third party in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

     d.    <u>Native files</u>. The only files that should be produced in native format are files not easily converted to image format, such as Excel and Access files.  This Stipulation does not govern access to source code, which shall be made accessible pursuant to a Protective Order entered in this case.

     e.    <u>Requests for hi-resolution or color documents</u>. The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document.  If a dispute arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

     f.    <u>Load File fields</u>. The parties are only obligated to provide the following metadata for all ESI produced to the extent such metadata exists.   The parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected, or if the document was previously collected and the metadata is absent in the previous collection.  Metadata fields which should be produced, if available: Volume, DOC ID, Custodian, File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date Sent, Time Sent, Date Received, Time Received,

6

Filename, Author, Date Created, Date Modified, MD5 Hash, File Size, File Extension, Control Number Begin, Control Number End  Attachment Range, Attachment Begin, and Attachment End (or the equivalent thereof).  In the event a producing party produces documents from a previous collection in which any of the metadata specified herein was not also collected, the producing party shall respond to requests, on a document-by-document basis, for additional metadata, to the extent such additional metadata is reasonably available.  Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope.

      g.      <u>Databases</u>.  Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.  The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.  The parties agree to respond to reasonable and specific requests for the production of additional information regarding the database such as relevant underlying formulae.  If a dispute arises with regard to requests for additional database information, the parties will meet and confer in good faith to try to resolve it.

      h.      <u>Production media and encryption of productions</u>.  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on CDs, DVDs, external hard drives, or electronically via File Transfer Protocol (FTP) as appropriate. The producing party may encrypt the production data using a suitable encryption program, such as TrueCrypt, and if it does, the producing party shall

4840-2311-0689.1

forward the password to decrypt the production data separately from the CD, DVD, external drive, or FTP site on which the production data is saved.

| | | |
|---|---|---|
| Dated: March 17, 2015 | By: | /s/ Nicholas J. Santoro |

                                            Nicholas J. Santoro, Esq.
                                            (Nevada Bar No. 532)
                                            SANTORO WHITMIRE
                                            10100 West Charleston Blvd., Suite 250
                                            Las Vegas, Nevada 89135
                                            Telephone: (702) 948-8771
                                            Facsimile: (702) 948-8773
                                            E-mail: nsantoro@santoronevada.com

                                            Jonathan E. Moskin, Esq.
                                            Akiva Cohen, Esq.
                                            Ramy Hanna, Esq.
                                            Adam Pence, Esq.
                                            FOLEY & LARDNER LLP
                                            90 Park Avenue
                                            New York, New York 10016-1314
                                            Telephone: (212) 682-7474
                                            Facsimile: (212) 687-2329
                                            E-mail: jmoskin@foley.com
                                            (admitted *pro hac vice*)

                                            *Attorneys for Defendant Marks Studios, LLC*

4840-2311-0689.1

| | | |
|---|---|---|
| Dated:  March 17, 2015 | By: | /s/ Kimberly P. Stein |
| | | Kimberly P. Stein, Esq. |
| | | (Nevada Bar No. 8675) |
| | | HOWARD & HOWARD ATTORNEYS |
| | | Wells Fargo Tower, Suite 1000 |
| | | 3800 Howard Hughes Parkway |
| | | Las Vegas, Nevada  89169 |
| | | Telephone: (702) 257-1483 |
| | | Facsimile: (702) 567-1568 |
| | | E-mail: KStein@howardandhoward.com |
| | | |
| | | and |
| | | |
| | | Patrick M. McCarthy, Esq. |
| | | (Michigan Bar No. P49100) |
| | | (admitted *pro hac vice*) |
| | | HOWARD & HOWARD ATTORNEYS |
| | | One North Main Building |
| | | 101 North Main Street |
| | | Ann Arbor, Michigan 48104-1475 |
| | | Telephone: (734) 222-1483 |
| | | Facsimile: (732) 761-5957 |
| | | E-mail: PMcCarthy@howardandhoward.com |

*Attorneys for Plaintiff Konami Gaming, Ltd.*

## ORDER

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED**:


Dated: March 18, 2015

_____
Carl W. Hoffman

United States Magistrate Judge

10

4840-2311-0689.1