# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Konami Gaming, Inc., | Case No.: 2:14-cv-01485-JAD-BNW |
| Plaintiff | **Order Granting Plaintiff's Motion to Voluntarily Dismiss, Denying Defendants' Motion for Judgment as Moot, and Closing this Case** |
| v. | |
| Marks Studios, LLC, | |
| Defendant | [ECF Nos. 173, 177] |

After the patents underlying its claims were invalidated in a separate proceeding,[1] plaintiff Konami Gaming, Inc. moves to voluntarily dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2).[2] Defendant Marks Studios, LLC opposes Konami's motion and moves for judgment under Rule 56 or 58, arguing that a dismissal under Rule 41 would prejudice its ability to move for costs under Rule 54(d)(1) and attorney's fees under 35 U.S.C. § 285.[3] Because Marks Studios has not shown that a voluntary dismissal will cause it legal prejudice, I grant Konami's motion to voluntarily dismiss and deny Marks Studios' motion as moot.

## Discussion

Rule 41 vests the district court with discretion to dismiss an action at the plaintiff's instance "upon such terms and conditions as the court deems proper."[4] "A district court should

---

[1] *Konami Gaming, Inc. v. High 5 Games, LLC*, No. 2:14-CV-01483-RFB-NJK, 2018 WL 1020120, at *1 (D. Nev. Feb. 22, 2018), *aff'd*, 756 F. App'x 994 (Fed. Cir. 2019).

[2] ECF No. 173.

[3] ECF Nos. 176; 177.

[4] *Hargis v. Foster*, 312 F.3d 404, 407 (9th Cir. 2002).

grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."[5]  "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument" but not "[u]ncertainty because a dispute remains unresolved."[6]  "For example, in determining what will amount to legal prejudice, courts have examined whether a dismissal without prejudice would result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense."[7]

In *CRST Van Expedited, Inc. v. Equal Employment Opportunity Commission*, the United States Supreme Court held that a defendant could be a prevailing party absent a judgment on the merits under Title VII of the Civil Rights Act of 1964, reasoning that "a defendant has . . . fulfilled its primary objective whenever the plaintiff's challenge is rebuffed."[8]  The Federal Circuit relied on *CRST* to affirm a district court's conferral of prevailing-party status under 35 U.S.C. § 285 after dismissing the plaintiff's claim with prejudice.[9]  And because the Federal Circuit interprets the term "prevailing party" consistently between 35 U.S.C. § 285 and Rule 54(d)(1), it later held that a dismissal for mootness was sufficient to confer prevailing-party status on the defendant under Rule 54(d)(1).[10]

---

[5] *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001).

[6] *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

[7] *Id.*

[8] *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1651 (2016).

[9] *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1308 (Fed. Cir. 2018); *see also Giesecke & Devrient GmbH v. United States*, No. 17-1812C, 2020 WL 401806, at *10 (Fed. Cl. Jan. 24, 2020) (holding that defendant was a prevailing party under 35 U.S.C. § 285 after voluntary dismissal because defendant fulfilled its primary objective and "it would have made little sense to force the parties to go through a charade of a merits determination no one wanted simply to apply the moniker 'with prejudice'").

[10] *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 677 (Fed. Cir. 2019).

Marks Studios argues that it would be prejudiced by a voluntary dismissal because it would lose its "substantial right" to be deemed a prevailing party under Rule 54(d)(1) and 35 U.S.C. § 285. But Federal Circuit decisions interpreting *CRST* suggest that Marks Studios can be a prevailing party absent a final judgment.[11] And Marks Studios' own brief suggests that its concern amounts to uncertainty rather than legal prejudice, conceding that "dismissing an action under Rule 41(a)(2) *might* prevent Marks Studios from achieving prevailing party status."[12] Marks Studios relies on a decision from the United States District Court for the Middle District of Florida in support of its position, but that decision pre-dates *CRST* and the Federal Circuit decisions interpreting *CRST*.[13] Because Marks Studios fails to show legal prejudice from a voluntary dismissal under Rule 41(a)(2), I grant Konami's motion to voluntarily dismiss and deny Marks Studios' motion for judgment as moot.[14]

### Conclusion

**IT IS THEREFORE ORDERED** that Konami's motion to voluntarily dismiss without prejudice **[ECF No. 173] is GRANTED** and Marks Studios' motion for judgment **[ECF No. 177] is DENIED as moot.** The CLERK OF COURT is directed to CLOSE THIS CASE.

Dated: March 16, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] *See Raniere*, 887 F.3d 1298; *B.E. Tech., L.L.C.*, 940 F.3d 675.

[12] ECF No. 176 at 4 (emphasis added).

[13] *Peschke Map Techs. LLC v. Miromar Dev. Corp.*, No. 2:15-CV-173-FTM-38MRM, 2016 WL 1546465, at *2 (M.D. Fla. Apr. 15, 2016).

[14] In their briefs, the parties approach the merits of whether Marks Studios is a prevailing party and, if so, on what claims. ECF Nos. 176 at 2; 178 at 4. That issue is not before me, and this order should not be construed as addressing whether Marks Studios is a prevailing party under Rule 54(d)(1) or 35 U.S.C. § 285.