**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Konami Gaming, Inc., | Case No.: 2:14-cv-01485-JAD-BNW |
| Plaintiff | |
| v. | **Order re: Motions to Seal** |
| Marks Studios, LLC, | [ECF Nos. 191, 197, 202] |
| Defendant | |

In a nicely briefed and choreographed dance of motions and responses, Konami Gaming, Inc. and Marks Studios, LLC move to seal less than a dozen of the documents that they provide with their briefs on Marks Studios' motion for attorney's fees. Because the underlying motion for attorney's fees is not dispositive, the parties must make "a particularized showing" that "'good cause'" exists under Federal Rule of Civil Procedure 26(c) "to preserve the secrecy" of each document.[1] The parties have handily met this low burden, so I grant their motions.

**Discussion**

Marks Studios moves to seal Exhibits L, M, C, and F to its attorney's fees motion and Exhibits A and B to its reply.[2] It argues that good cause exists to seal Exhibits L and M because they are billing records from the law firms that represent it in this case and they contain confidential information that is not to be shared with third parties. Marks Studios points out that the court previously sealed Exhibit F,[3] and it argues that Konami must show that good cause

---

[1] *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002); *Foltz v. St. Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).

[2] ECF Nos. 191, 202 (Marks Studios' motions to seal).

[3] ECF No. 110 (minutes of proceedings before Magistrate Judge Hoffman, who granted the motion to seal at ECF No. 103).

exists to seal Exhibits A, B, C, and F because Konami designated those documents as confidential under the parties' Stipulated Protective Order.[4]

In its responses to Mark Studios' motions to seal, Konami argues that good cause exists to seal Exhibits C and F because each document contains or discusses a technical analysis of a competitor's games that Konami's employee performed, the disclosure of which would harm Konami's position in the marketplace.[5] It argues that good cause exists to seal Exhibits A and B because each document contains contract terms that were negotiated in confidence and that the disclosure of those terms would provide Konami's competitors with a direct competitive advantage against it. Konami further argues that the nature of Exhibits A and B—they are agreements to settle litigation disputes—also constitutes good cause to seal them.

Konami moves to seal Exhibits C and E to its response to the motion for attorney's fees.[6] It argues that Marks Studios must show that good cause exists to seal Exhibits C and E because Marks Studios designated those documents as confidential under the parties' Stipulated Protective Order. In its response to Konami's sealing motion, Marks Studios admits that Exhibit C does not contain any confidential material and should not remain under seal. It argues, however, that good cause exists to seal Exhibit E because it is an infringement claim chart for its Moon Maidens game and contains information that has been culled from Marks Studios' technical documents and trade secrets: information that Marks Studios does not disclose to third parties. Marks Studios contends that Exhibit E also contains source code for its game.

---

[4] ECF No. 27 (protective order).
[5] ECF Nos. 200, 205 (Konami's responses).
[6] ECF No. 197.

I have reviewed the sealed exhibits in camera and conclude that there is good cause to seal all of the documents in their entirety except for Exhibit C to Konami's response to the attorney's fee motion. The document that does not merit sealing is entitled "Excerpts of Marks Studios' May 6, 2016 Second Supplemental Disclosure of Invalidity Contentions" and is on the docket at ECF No. 198 (sealed). Marks Studios acknowledges that the excerpts provided of this document do not contain any confidential information. The remaining documents are what the parties describe in their briefs and they contain confidential business information, trade-secret information, or attorney-client information, or they are agreements to settle litigation disputes. I am satisfied that releasing the information contained in Exhibits L, M, C, and F to Marks Studios' motion for attorney's fees,[7] Exhibits A and B to its reply,[8] and Exhibit E to Konami's response to the attorney's fees motion[9] would damage the parties to the benefit of their competitors, so I find that good cause exists to seal this information.

**Conclusion**

IT IS THEREFORE ORDERED that Marks Studios' and Konami's motions to seal **[ECF Nos. 191, 197, 202] are GRANTED**.

The Clerk of Court is directed to **unseal ECF No. 198**.

The Clerk of Court is directed to **maintain the seal** on all other judicial records that have been sealed in this case, including those at ECF Nos. 192–195, 199, 203-2, and 203-3.

_____
U.S. District Judge Jennifer A. Dorsey
April 29, 2020

---

[7] Marks Studios' Exhibits L, M, C, and F are on the docket, sealed, at ECF Nos. 192–195.
[8] Marks Studios' Exhibits A and B are on the docket, sealed, at ECF Nos. 203-2 and 203-3.
[9] Konami's Exhibit E is on the docket, sealed, at ECF No. 199.